Claire E. Cochran (SBN 222569)
Natalie A. Xifo (SBN 280930)
Bethany Hill (SBN 326358)
**LAW OFFICES OF CLAIRE COCHRAN, P.C.**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 580-6019
Facsimile: (415) 745-3301

Attorneys for Plaintiff

NATHAN PETER RUNYON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO/OAKLAND DIVISION**

| | |
|---|---|
| **PAYWARD INC.,** a California Corporation d/b/a **KRAKEN**<br><br>                     Plaintiff,<br><br>          v.<br><br>**NATHAN PETER RUNYON**, an individual, and **Does 1 through 10**, inclusive,<br><br>                Defendants. | Case No.: 3:20-cv-2130<br>*Assigned to:*<br>*Senior District Judge Maxine M. Chesney*<br><br>**DEFENDANT'S MOTION TO DISMISS OR STAY PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND [PROPOSED] ORDER**<br><br>Complaint Filed: March 27, 2020<br><br>**RELATED CASE**<br><br>Superior Court of California Civil Action No. CGC-19-581099<br>Assigned to: Hon. Garret L. Wong<br>Complaint Filed: November 26, 2019<br>FAC Filed: January 6, 2020 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 10, 2020, at 9:00 a.m., or as soon as the matter can be heard before the Honorable Senior District Judge Maxine M. Chesney of the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 7 -19th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Nathan Peter Runyon ("Runyon") will move the Court to dismiss the Complaint in this action on the grounds that all four claims for relief alleged therein are mandatory cross-claims that can be brought, if at all, only in an earlier-filed, related case in California Superior Court that is assigned to the Honorable Judge Wong, which is entitled Runyon v. Payward, Inc. and Ng, Civil Action No. CGC-19-581099.

This motion is brought pursuant to California Code of Civil Procedure 426.30, Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the other authorities cited below.

This motion is based on this Notice of Motion, the following Memorandum of Points and

i

1    Authorities, the pleadings and records on file in this action and upon such other matters as may be
2    presented to the Court at the time of the hearing.

3    **Dated: May 29, 2020**                        **LAW OFFICES OF CLAIRE COCHRAN**

4                                                    _____
5                                                    Claire Cochran

6                                                    Natalie A. Xifo

7                                                    Bethany Hill

8                                                    Attorneys for Plaintiff
                                                     NATHAN PETER RUNYON
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

I.    INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED ...................... 1

3

II.   FACTS ............................................................................................................................ 3

4

III.  ARGUMENT ................................................................................................................ 4

5

     A.   LEGAL STANDARD FOR FRCP 12(B)(6) ....................................................... 4

6
7

     B.   PAYWARD'S DTSA CLAIM SHOULD BE DISMISSED
          BECAUSE PAYWORD DOES NOT STATE FACTS SUFFICIENT
          TO MAKE OUT A CLAIM. .................................................................................. 5

8
9

     C.   PAYWARD'S CFAA CLAIM SHOULD BE DISMISSED
          BECAUSE PAYWARD DOES NOT STATE FACTS SUFFICIENT
          TO MAKE OUT A CLAIM. .................................................................................. 9

10
11

     D.   PAYWARD'S STATE LAW CLAIMS SHOULD BE DISMISSED
          BECAUSE WITHOUT PENDENT OR SUPPLEMENTAL
          JURISDICTION, THE COURT DOES NOT HAVE AUTHORITY
          TO HEAR THE CLAIMS. .................................................................................... 10

12
13
14

     E.   PAYWARD'S COMPLAINT SHOULD BE DISMISSED
          BECAUSE THIS COURT CANNOT GRANT RELIEF TO
          PLAINTIFF'S CLAIMS DUE TO THE MANDATORY CROSS-
          COMPLAINT RULE .......................................................................................... 10

15

          1.   THE CALIFORNIA SUPERIOR COURT HAS
               JURISDICTION OVER PAYWARD'S CLAIMS ................................. 11

16
17

          2.   THE FEDERAL CAUSES OF ACTION ARISE OUT OF
               THE SAME TRANSACTION OR OCCURRENCE AS THE
               ORIGINAL ACTION ............................................................................ 12

18

          3.   THE FEDERAL CAUSES OF ACTION ARE NOT OF THE
               KIND THAT MAY ONLY BE BROUGHT IN FEDERAL
               COURT. ................................................................................................ 13

19
20
21

     F.   IN THE ALTERNATE, IF THE COURT DECLINES TO DISMISS
          PAYWARD'S COMPLAINT, THIS COURT SHOULD STAY THE
          INSTANT PROCEEDINGS IN DEFERENCE TO PENDING
          STATE PROCEEDINGS .................................................................................... 16

IV.   CONCLUSION ........................................................................................................... 17

22

23

24

25

26

27

28

**MOTION TO DISMISS
CASE NO.3:20-CV-2130**

1

**TABLE OF AUTHORITIES**

2

**CASES**

3    1-800 Remodel, Inc. v. Bodor, 2019 WL 856399 (C.D. Cal. Jan. 28, 2019) .............................16

4    Allstate Ins. Co. v. Jewell, 2019 WL 3526703 (W.D. Ky. May 21, 2019)................................16

5    Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Twombly, 550 U.S. at 555) .........................4, 5

6    Balistreri v. Pacifica Police Dep't, 901 F.2d 696 (9th Cir. 1990) ..................................4

7    Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ...........................................1, 4, 5

8    Car Carriers, Inc. v. Ford Motor Co., 745 (7th Cir. 1984).......................................4

9    Cheiker v. Prudential Insurance Co., 820 F.2d 334 (9th Cir. 1987) ............................12

10    Cochrane v. Iowa Beef Processors, Inc., 596 F.2d 254 (8th Cir. 1979) ......................13

11    Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976)..............11, 18

12    Crown Vantage, Inc., 421 F.3d. 963 (9th Cir . 2005) .................................................12

13    eBay Inc. v. Digital Point Sols., Inc., 608 F. Supp. 2d 1156 (N.D. Cal. 2009) .........................10

14    G4S Secure Integration LLC v. EX2 Tech., LLC, No. 17-CV-4277 (N.D. Ill. July 19, 2017)..16

15    Goodin v. Vendley, 356 F. Supp. 3d 935 (N.D. Cal. 2018)........................................15

16    Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473 (1981)......................................15

17    H & R Block Tax Servs., Inc. v. Rivera-Alicea, 570 F. Supp. 2d 255 (D.P.R. 2008)...............15

18    Iqbal, 556 U.S. at 678 .......................................................................1, 7

19    Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co., 342 U.S. 180 (1952) ....................................18

20    Lamont v. Conner, 2019 WL 1369928 (N.D. Cal. Mar. 26, 2019) ...........................................17

21    Liebert Corp. v. Mazur, 2005 WL 1563202 (N.D.Ill. June 6, 2005) ........................................15

22    MGIC Indem. Corp. v. Weisman, 803 F. 2d 500 (9th Cir., 1986)........................................5

23    Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368 (2012) .........................................14, 15, 16, 17

24    MJT, Inc. v. Adcom Exp., Inc., 39 F.3d 1187 (9th Cir. 1994) ...................................18

25    Nakash v. Marciano, 882 F.2d 1411 (9th Cir. 1989) .............................................18

26    Ortiz Mercado v. Puerto Rico Marine Mgmt., Inc., 736 F. Supp. 1207 (D.P.R. 1990)...............8

27    Padilla–Morales v. Shell Co. (PR) Ltd., 2005 WL 4655134 (D.P.R. June 29, 2005) ...............16

28    Papasan v. Allain, 478 U.S. 265 (1986)........................................................5

Parks Sch. of Bus. v. Symington, 51 F.3d 1480 (9th Cir. 1995) ....................................4

Prominent Consulting LLC v. Allen Bros., 543 F.Supp.2d 877 (N.D.Ill.2008).......................15

Saunders v. New Capital for Small Businesses, Inc., 231 Cal.App.2d 324 (1964)...................12

State of Missouri ex rel. St. Louis, B. & M. Ry. Co. v. Taylor, 266 U.S. 200 (1924) ..............14

Tafflin v. Levitt, 493 U.S. 455 (1990) .......................................................14

Ticketmaster L.L.C. v. RMG Techs., Inc., 507 F.Supp.2d 1096 (C.D.Cal.2007) ......................9

Twombly, 550 U.S. at 570 ....................................................................5

United Mine Workers of Am. v. Gibbs, 383 U.S. 715 (1966)....................................10

**CIVIL STATUTES**

Cal.Code Civ.Pro. § 426.10 (West 1973) ......................................................11

California Code of Civil Procedure section 426.30 ..............................................10

Code Civ. Proc. § 436(a).....................................................................6

Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act
("CUTSA").......................................................................................3

**FEDERAL STATUTES**

18 U.S.C. § 1030...........................................................................8

18 U.S.C. § 1030(a)(4).......................................................................8

18 U.S.C. § 1030(a)(5)(B) ....................................................................8

18 U.S.C. § 1030(a)(5)(C) ....................................................................8

18 U.S.C. § 1030(c)(4)(A)(i)(I) ...............................................................8

18 U.S.C. § 1836(b)(1) .......................................................................5

18 U.S.C. § 1839(3) .......................................................................5, 6

18 U.S.C. § 1839(6) .........................................................................5

18 U.S.C. §1836..........................................................................13, 14

28 U.S.C. § 1333..........................................................................12

Computer Fraud and Abuse Act ("CFAA").......................................................3

Defend Trade Secrets Act of 2016 ("DTSA") .....................................................3

Federal Rule of Civil Procedure 12(b)(6) .......................................................4

1  **OTHER AUTHORITIES**

2  5 Witkin, Cal. Proc. 5th Plead § 1178 (2020).............................................................11

3  6 Wright & Miller, Federal Practice and Procedure § 1410 at page 42.....................11

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYWARD V RUNYON                                                    MOTION TO DISMISS
                                                                   CASE NO.3:20-CV-2130

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES

3

### I.  INTRODUCTION AND STATEMENT OF ISSUES TO BE DECIDED

4

This Action (the "Payward Action") should be dismissed under FRCP 12(b)(6), failure to

5 state a claim upon which relief can be granted, for two reasons. First, Payward fails to state facts

6 sufficient to bring federal claims. The Payward Complaint fails to meet the <u>Twombly</u> and <u>Iqbal</u>

7 standards of specificity, rendering the complaint deficient as a matter of law. Upon dismissal of those

8 claims, this Court will not have the necessary jurisdiction to hear the state law claims.

9

First, under the rules governing mandatory cross-claims, all four claims for relief can and

10 must be effectively litigated in a previously filed action pending in California Superior Court that is

11 assigned to the Honorable Judge Wong, which is entitled <u>Runyon v. Payward, Inc. and Ng</u>, Civil

12 Action No. CGC-19-581099 (the "Runyon Action"). The claims in this Payward Action can be

13 brought, if at all, only as mandatory cross-claims in the Runyon Action, which was filed first. The

14 Payward Action and the Runyon Action arise out of the same transaction or occurrence and are

15 logically related, so much so that the Complaint in the Payward Action (the "Payward Complaint")

16 uses the existence of the Runyon Action, and facts alleged therein, as the *basis* for claims for relief

17 in the Payward Action. *See* para. 13 of the Payward Complaint ("Among Defendant's most blatant

18 and unnecessary disclosures of confidential and trade secret information was Defendant's public

19 exposure of the physical address of Payward's headquarters, which, up to the date of the Defendant's

20 publicly-filed lawsuit, had not been publicly disclosed…"). California's mandatory cross-claim rules

21 exist to alleviate the burden posed by duplicative litigation like the Payward Action.

22

Second, it should be noted that the instant action has not been filed with this Court because

23 Payward has suffered a loss, and now seeks the protection of the law. Payward has the opportunity

24 to seek the protection of the law in State Court. Payward filed the instant action because it is a well-

25 funded litigant attempting to bully Nathan Runyon into submission by litigating two virtually

26 identical actions in federal and State Court simultaneously.

27

N

28 Nathan Runyon was an employee of Payward. All of the claims in the state and federal action arise

**1**

out of their employer-employee relationship and the statutory and contractual duties they owed to one another as part of that relationship. Payward instigated a breach of its legal duties by harassing Runyon for his disabilities—disabilities which arose out of the time he spent serving in the nation's military. Next, Payward terminated Runyon after he reported SEC violations internally to company. Runyon sued on these facts in State Court and Payward demurred on every count.

The California Superior Court ruled on March 11, 2020 that "[u]pon considering [Payward's] Notice of Demurrer, the Declaration of Andrew Calderon, Esq, the Memorandum of Points and Authorities, Plaintiff's opposition and Defendant's Reply pleadings, it appears to the satisfaction of the Court that Defendant's Demurrer is overruled as to the second through tenth causes of action, and is sustained with 20 days leave to amend on the eleventh cause of action." *See Order Re Defendants' Notice of Demurrer* p. 1-2; *See also Defendant's Motion to Strike Irrelevant, False or Improper Manner*. Only sixteen days after the State Court's ruling, Payward filed this action. Plaintiff chose not to amend his eleventh cause of action in State Court. (See Judicial Notice, Court's Ruling, Motion to Strike)

This action is not about the merits of trade secret claims or unauthorized use of electronically stored information that Payward gave to Runyon as part of his employment. This action is about Payward feeling discontented with its losses in State Court, and forum shopping for an alternate venue. This action is about Payward continuing to retaliate against Runyon using its financial might to drive up litigation costs and generally make its former employee's life miserable. This action is an abuse of the legal process.

Ultimately, if Payward wants the causes of action herein addressed, it needs to file them as counterclaims in the state action. Payward chose not to do that, likely dissatisfied with the State Court's ruling on its Demurrer and Motion to Strike. Payward decided to find an alternative ear to hear its counter claims. This Court should not allow Payward to move forward on a poorly pled complaint, with insufficient facts to state a claim when the State Court is ready and competent to hear the exact same compulsory claims.

In the alternate, if this Court declines to dismiss the Payward Complaint, this Court should

**PAYWARD V RUNYON**                                                                    **MOTION TO DISMISS**
                                                                                       **CASE NO.3:20-CV-2130**

1   stay the proceedings in deference to the existing State Court proceedings pursuant to the Colorado
2
3   River Doctrine. The doctrine allows for acts of judicial economy when the balance of six factors
4   occasions a stay. Each of those six factors are discussed herein.

5                                   **II. FACTS**

6       Runyon was an employee of Payward from March 26, 2018 until August 1, 2019. Before his
7   employment began, Runyon signed a Confidential Information and Invention Assignment
8   Agreement.

9       On November 26, 2019, Runyon filed a complaint against Payward alleging state statutory
10  and tort claims arising out of his employer-employee relationship with Payward. Runyon
11  subsequently amended his complaint on January 6, 2020.

12      On February 6, 2020, Payward filed a Demurrer to the First Amended Complaint, along with
13  a Declaration of Andrew Calderon and a Motion to Strike Irrelevant, False or Improper Matters in
14  the First Amended Complaint, including striking the physical address of the Company, which it
15  claimed was "confidential" information.

16      On March 11, 2020, the California Superior Court issued two orders. It ruled against the
17  Demurrer on every count but one (intentional infliction of emotional distress). It also ruled against
18  Payward on the Motion to Strike entirely, stating that disclosure of Payward's physical address was
19  relevant to establishing jurisdiction of the court.

20      On March 23, 2020, Payward answered the amended complaint, asserting a general denial
21  and various affirmative defenses.

22      On March 27, 2020, Payward filed the instant Payward Action, asserting two federal
23  questions and two state law questions. These consisted of (i) a federal claim for Misappropriation of
24  Trade Secrets under the Defend Trade Secrets Act of 2016 ("DTSA"), (ii) a state claim for
25  Misappropriation of Trade Secrets under the California Uniform Trade Secrets Act ("CUTSA"), (iii)
26  a federal claim for unlawfully accessing a protected computer under the Computer Fraud and Abuse
27  Act ("CFAA"), and (iv) a Breach of Contract claim.

28

3

1

2

# III.  ARGUMENT

3

## A.    Legal Standard for FRCP 12(b)(6)

4

A defendant may move to dismiss under Federal Rule of Civil Procedure 12(b)(6) when a

5

complaint to state a claim upon which relief can be granted. In ruling on a motion to dismiss under

6

FRCP 12(b)(6), the court analyzes the pleading and takes "all allegations of material fact as true and

7

construe[s] them in the light most favorable to the non-moving party." Parks Sch. of Bus. v.

8

Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal may be based on a lack of a cognizable

9

legal theory or on the absence of facts that would support a valid theory. Balistreri v. Pacifica Police

10

Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A pleading must "contain either direct or inferential

11

allegations respecting *all the material elements necessary* to sustain recovery under some viable legal

12

theory." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562 (2007) (citing Car Carriers, Inc. v. Ford

13

Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984) (emphasis added)). "A pleading that offers 'labels

14

and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft

15

v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "[C]ourts 'are not bound to

16

accept as true a legal conclusion couched as a factual allegation.'" Twombly, 550 U.S. at 555

17

(quoting Papasan v. Allain, 478 U.S. 265, 286 (1986). "Nor does a complaint suffice if it tenders

18

'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting

19

Twombly, 550 U.S. at 557) (alteration in original). Rather, the claim must be "'plausible on its face,'"

20

meaning that the claimant must plead sufficient factual allegations to "allow[ ] the court to draw the

21

reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly,

22

550 U.S. at 570).

23

Further, a matter that is properly the subject of judicial notice may be considered along with

24

the complaint when deciding a motion to dismiss for failure to state a claim. MGIC Indem. Corp. v.

25

Weisman, 803 F. 2d 500,504 (9th Cir., 1986).  [is there a case on the pleading standard for these

26

particular claims]

27

28

4

PAYWARD V RUNYON                                                    MOTION TO DISMISS
                                                                   CASE NO.3:20-CV-2130

**B.**     **Payward's DTSA Claim Should Be Dismissed Because Payward does not state facts sufficient to make out a claim.**

At issue is whether Payward has alleged facts sufficient to make out a claim for misappropriation under the DTSA. Under the DTSA, the "owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The DTSA defines the term "trade secret" to mean:

> …all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically, or in writing if—
>
> (A) the owner thereof has taken reasonable measures to keep such information secret; and
>
> (B) the information derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information.

18 U.S.C. § 1839(3).

Misappropriation" giving rise to liability under the DTSA is defined as:

(A) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means[1]; or

---

[1] The DTSA defines "improper means" to include "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage through electronic or other means," but specifies that the term "does not include reverse engineering, independent derivation, or any other lawful means of acquisition." 18 U.S.C. § 1839(6).

**PAYWARD V RUNYON**                                    **MOTION TO DISMISS**
                                                        **CASE NO.3:20-CV-2130**

1

2

(B) disclosure or use of a trade secret of another without express or implied consent

3

by a person who—

4

(i) used improper means to acquire knowledge of the trade secret;

5

(ii) at the time of disclosure or use, knew or had reason to know that the

6

knowledge of the trade secret was—

7

(I) derived from or through a person who had used improper means to

8

acquire the trade secret;

9

(II) acquired under circumstances giving rise to a duty to maintain the

10

secrecy of the trade secret or limit the use of the trade secret; or

11

(III) derived from or through a person who owed a duty to the person

12

seeking relief to maintain the secrecy of the trade secret or limit the

13

use of the trade secret; or

14

(iii) before a material change of the position of the person, knew or had reason

15

to know that—

16

(I) the trade secret was a trade secret; and

17

(II) knowledge of the trade secret had been acquired by accident or

18

mistake.

Citation.

19

Payward does not plausibly allege misappropriation of trade secrets. Payward's allegations

20

of the particular trade secrets that Defendants misused are conclusory—an everything-but-the-

21

kitchen-sink assertion that "Defendant used and disclosed Payward's trade secret information

22

without authorization." *See Payward Complaint* ¶ 58. The only information that Payward alleges

23

Runyon actually disclosed was Payward's business address in Runyon's publicly-filed complaint.

24

Runyon included Payward's business address in order to establish the court's jurisdiction.

25

Payward has alleged no facts to support the contention that a business address meets the

26

definition of a "trade secret." The company cites to one singular kidnapping at a cryptocurrency

27

business in the Ukraine as evidence that Payward's employees "are subject to constant physical

28

6

1
2
3
4
5

security threats." *See Payward Complaint* ¶ 28. However, that is a far cry from alleging facts to support the requirement that the address "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable through proper means by, another person who can obtain economic value from the disclosure or use of the information." 18 U.S.C. § 1839(3).

6
7
8
9
10
11
12
13
14

Tellingly, Payward attempted to have its business address stricken from the Runyon Complaint in a Motion to Strike on the theory that such information is "Confidential, Prejudicial, and Irrelevant," and such jurisdiction could be established through other means. Payward made no mention at that time of a trade secret violation claim. The California Superior Court refused to issue such an order, noting that "Defendant's address is relevant to jurisdiction…[A] motion to strike lies to remove 'any irrelevant, false or improper matter,' not a matter that is not essential. (See Code Civ. Proc. § 436(a)." See Order Re Defendants' Motion to Strike Irrelevant, False or Improper Matter p. 2.

15
16
17
18
19

This is an example of Payward failing in its arguments at the State Court level and attempting to relitigate the same issue in federal court. However, regardless of Payward's illegitimate motives, their claim still falls short of the standards of a well-pled complaint. "Naked assertions" and "conclusions"—such as claiming a business address is magically a trade secret that was misappropriated through the filing of a properly-pled complaint—are not the sort of factual allegations that the Court must accept as true at the pleading stage. See Iqbal, 556 U.S. at 678.

20
21
22
23
24
25
26
27
28

Additionally, Payward states, "Defendant misappropriated Payward's trade secret information by maliciously and willfully refusing and failing to return his Company laptop and other Company property, including Payward's confidential board minutes." See Payward Complaint ¶ 57. Misappropriation either requires acquisition by improper means or an element of disclosure. Runyon did not acquire the information by improper means, because he acquired it lawfully through his employment. Payward states as much in its complaint: "Defendant had access to Payward's trade secret information during his employment and on his Company laptop." See Payward Complaint ¶ 54. Mere post-employment retention of a laptop containing trade secret information which was

**PAYWARD V RUNYON**                                **MOTION TO DISMISS**
                                                     **CASE NO.3:20-CV-2130**

1

2

lawfully acquired (a laptop which was then stolen from him, preventing its return), is not a valid fact

pattern for asserting a misappropriation claim.

3

4

Therefore, if Payward cannot allege improper acquisition of the trade secret, it must allege

5

facts supporting improper disclosure of the secret. Payward has not and cannot allege any such facts.

6

Although Runyon produced a copy of certain board minutes in his demand letter to Payward's

7

General Counsel, Runyon never disclosed any of the contents of the board minutes outside of this

8

relationship, and therefore never disclosed any "secrets" to entities who were not legally privy to the

information.[2]

9

10

However, *even if he had*, minutes by themselves are not per se "trade secrets," far from it.

11

One would need to analyze the contents of said minutes in order to determine whether those contents

12

met the definition of a trade secret. See <u>Ortiz Mercado v. Puerto Rico Marine Mgmt., Inc.</u>, 736 F.

13

Supp. 1207, 1214 (D.P.R. 1990) (noting that the content of the minutes discussed business operations

but did not constitute trade secret information pursuant to local trade secret laws).

14

15

Payward has simply failed to allege facts that meet the elements of a misappropriation claim,

16

which either requires (i) improper acquisition, which cannot be shown here, or (ii) improper use and

17

disclosure, which also cannot be shown here. Because Payward has failed to meet the threshold of

18

factual specificity necessary to meet all elements of the claim under the <u>Iqbal</u> standard, this claim

should be dismissed.

19

20

21

22

23

24

25

26

27

28

---

[2] Payward writes in its complaint that Runyon "produced a copy of confidential Company board minutes in connection with his threat of a lawsuit against Payward, which he eventually filed in San Francisco Superior Court." See Payward Complaint ¶ 11. This paragraph is misleading. Although Runyon did file a lawsuit in San Francisco Superior Court, the board minutes were never filed along with the lawsuit. Runyon has only ever "produced" a copy of the board minutes to opposing counsel to support his contention that the Payward board was granting equity awards to employees, and then certain employees of the company were unilaterally modifying the equity grants—an issue that had been raised multiple times during Runyon's employment with Payward. **It should be noted that the board minutes were provided to opposing counsel under confidential evidence code protected settlement negotiations.**

8

**C.      Payward's CFAA Claim Should Be Dismissed Because Payward does not state facts sufficient to make out a claim.**

At issue is whether Payward has alleged facts sufficient to make a claim for unlawfully accessing a protected computer under the Computer Fraud and Abuse Act (18 U.S.C. § 1030). Under the CFAA, civil liability may be imposed where a defendant:

"[K]nowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value ... (18 U.S.C. § 1030(a)(4)); or

[I]ntentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage (18 U.S.C. § 1030(a)(5)(B)); or

[I]ntentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss (18 U.S.C. § 1030(a)(5)(C)); and

[C]auses loss to one or more persons during any 1–year period ... aggregating at least $5,000 in value (18 U.S.C. § 1030(c)(4)(A)(i)(I). *See also* Ticketmaster L.L.C. v. RMG Techs., Inc., 507 F.Supp.2d 1096, 1113 (C.D.Cal.2007))."

eBay Inc. v. Digital Point Sols., Inc., 608 F. Supp. 2d 1156, 1163–64 (N.D. Cal. 2009).

Payward does not allege facts sufficient to make out a claim for unlawfully accessing a protected computer; its allegations are largely conclusory. Payward states that Runyon intended to defraud Payward but asserts zero facts in support of that contention. Runyon never intended to defraud Payward. He is only asserting legally cognizable claims, as per his right, in a State Court proceeding.

Payward also states that Runyon accessed a protected computer without authorization, but makes no factual assertions that (a) the computer meets the definition of a protected computer pursuant to the Act, or (b) that Runyon's use of the computer exceeded his authorized access. In fact, Payward asserts that it gave Runyon access to the computer as part of his employment. See Payward Complaint ¶ 75. In fact, other than confessing that the company gave Runyon access to the computer, the remainder of the paragraphs under this cause of action are naked conclusions, regurgitating the

text of the law and simply asserting that Runyon violated the law. This approach to stating a claim contravenes the Iqbal standard, and so the claim must fail for lack of specificity.

**D.**     **Payward's state law claims should be dismissed because without pendent or**
            **supplemental jurisdiction, the Court does not have authority to hear the claims.**

After dismissing the federal claims under FRCP 12(b)(6) for the reasons stated above, this Court will no longer have jurisdiction to hear the state claims presented in the Payward Complaint. As the Supreme Court has noted, "Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under (the) Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority * * *,' U.S.Const., Art. III, s 2, and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'…The state and federal claims must derive from a common nucleus of operative fact… if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d 218 (1966).

Payward's action does not state facts sufficient to bring its federal claims, and therefore this Court cannot hear the state claims arising out of the common nucleus of operative fact. However, even if this Court were inclined to grant Payward leave to amended its complaint, this Court must dismiss the action. The mandatory cross-complaint rule required Payward to bring all its claims which could be heard in State Court as cross-claims in the State Court action.

**E.**     **Payward's Complaint Should Be Dismissed Because This Court Cannot Grant**
            **Relief to Plaintiff's Claims due to the Mandatory Cross-Complaint Rule**

The Payward Action should be dismissed under FRCP 12(b)(6), failure to state a claim upon which relief can be granted, because Payward's claims should have been brought in a mandatory cross-complaint in the existing State Court action where jurisdiction over those claims was proper. At the time Payward answered Runyon's State Court action, Payward was required to file a separate cross-complaint alleging any cause of action that was related to the complaint and actionable at the

**10**

time the answer was filed. This would include federal causes of action upon which the State Court has concurrent jurisdiction. Payward's claims may be asserted in a cross-complaint, and Payward's efforts to pre-empt such a State Court action cannot stand.

### 1.    The California Superior Court has jurisdiction over Payward's claims

This Court should use FRCP 12(b)(6) to dismiss the Payward Action if it can be shown that jurisdiction was proper in the California Superior Court. Generally, as between state and federal courts, the rule is that "the pendency of an action in the State Court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction..." Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817, 96 S. Ct. 1236, 1246, 47 L. Ed. 2d 483 (1976).

However, "Federal courts will not permit an action to be maintained where the claims asserted should have been brought as a compulsory counterclaim in an earlier action." In re Crown Vantage, Inc., 421 F.3d. 963, 973 n. 7 (9th Cir . 2005), citing Cheiker v. Prudential Insurance Co., 820 F.2d 334 (9th Cir. 1987) (specifically analyzing federal claims that should have been brought and mandatory cross-claims in State Court).

Pursuant to California Code of Civil Procedure section 426.30, a defendant's related cause of action is barred unless a cross-complaint is filed at the same time an answer is filed in an action. California Code of Civil Procedure section 426.30 states, in relevant part:

> "Except as otherwise provided by statute, if a party against whom a complaint has been filed and served fails to allege in a cross-complaint any related cause of action which (at the time of serving his answer to the complaint) he has against the plaintiff, such party may not thereafter in any other action assert against the plaintiff the related cause of action not pleaded."

A "related cause of action" is defined as a "cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action the plaintiff alleges in his complaint." Cal.Code Civ.Pro. § 426.10 (West 1973). The term transaction is not "confined to a

single, isolated act or occurrence . . . but may embrace a series of acts or occurrences logically interrelated..." <u>Saunders v. New Capital for Small Businesses, Inc.</u>, 231 Cal.App.2d 324, 336, (1964).

The California Legislative Committee specifically intended C.C.P. 426.30 to address issues of concurrent jurisdiction. The Witkin California Procedure Handbook cites the California Legislative Committee as saying,

"In cases where the state and federal courts have concurrent jurisdiction, if the cause of action created by the federal statute arises out of the same transaction or occurrence, C.C.P. 426.30 requires joinder in the State Court proceeding... [but] where the federal courts have exclusive jurisdiction of the federal cause of action, C.C.P. 426.40(b), recognizing that the federal cause of action is not permitted to be brought in the State Court, provides an exception to the compulsory joinder or compulsory cross-complaint requirements."

5 Witkin, Cal. Proc. 5th Plead § 1178 (2020). Therefore, the threshold questions are (i) whether the federal causes of action arise out of the same transaction or occurrence as the original action, and (ii) whether the federal causes of action may only be brought in federal court.

**2.** **The federal causes of action arise out of the same transaction or occurrence as the original action.**

"The varying tests for determining whether the claim in question arose out of the same transaction or occurrence, within the meaning of Rule 13(a), are set forth in 6 Wright & Miller, Federal Practice and Procedure § 1410 at page 42 as follows:

1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim? (Footnotes omitted.)

Cochrane v. Iowa Beef Processors, Inc., 596 F.2d 254, 264 (8th Cir. 1979) (certiorari denied 99 S.Ct. 2848, 442 U.S. 921, 61 L.Ed.2d 290).

The issues of law and fact raised by the claims and counterclaims are largely the same. Both the Payward Action and the Runyon Action arise out of an employment dispute between Payward and Runyon and are logically interrelated. All claims, in both actions, relate to the propriety of each party's behavior both during and immediately after the employer/employee relationship. All parties in the subsequently-filed Payward Action are identical to parties in first-filed Runyon's action. Parallel litigation will necessarily involve the same parties discussing the same timeline of events and submitting much of the same evidence. The logical relation of the claim and counterclaims are very strong. Runyon's use of certain information to prove his claims is exactly the action that gives rise to Payward's claims for misappropriation of trade secrets and unauthorized use of its computer. For principles of judicial economy, it makes sense to try all of these claims at once, if jurisdiction is proper.

   3.   **The federal causes of action are not of the kind that may only be brought in federal court.**

The second issue is whether all federal claims may be adjudicated in State Court, or whether Congress intended the federal courts to have exclusive jurisdiction over certain claims. Each of Payward's claims can be adjudicated in State Court and are discussed below.

The Supreme Court has noted that "[i]n cases "arising under" federal law…there is a 'deeply rooted presumption in favor of concurrent State Court jurisdiction,' rebuttable if 'Congress affirmatively ousts the State Courts of jurisdiction over a particular federal claim.' Tafflin v. Levitt, 493 U.S. 455, 458–459, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990). *E.g.*, 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, *exclusive of the courts of the States*, of: (1) Any civil case of admiralty or maritime jurisdiction....")." Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 378, 132 S. Ct. 740, 748, 181 L. Ed. 2d 881 (2012) (emphasis added). *See also* State of Missouri ex rel. St. Louis, B. & M. Ry. Co. v. Taylor, 266 U.S. 200, 208, 45 S. Ct. 47, 48, 69 L. Ed. 247 (1924) ("The grant of concurrent jurisdiction implies that, in the first instance, the plaintiff shall have the choice of the

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

court. As an incident, he is entitled to whatever remedial advantage inheres in the particular forum.").
Therefore, if it cannot be shown that Congress intended a statute to be limited to federal jurisdiction,
Courts should presume concurrent jurisdiction and allow the plaintiff's choice of forum to stand.

   In <u>Mims</u>, the Supreme Court went on to provide guidance on when courts can overcome the
presumption of concurrent jurisdiction. "The presumption of concurrent state-court jurisdiction, we
have recognized, can be overcome 'by an explicit statutory directive, by unmistakable implication
from legislative history, or by a clear incompatibility between state-court jurisdiction and federal
interests.' <u>Gulf Offshore Co. v. Mobil Oil Corp.</u>, 453 U.S. 473, 478, 101 S.Ct. 2870, 69 L.Ed.2d 784
(1981)." <u>Mims v. Arrow Fin. Servs., LLC</u>, 565 U.S. 368, 378

   Neither of Payward's federal claims fall under a statute with federal-only jurisdiction, as
evidence by an explicitly statutory directive, unmistakable legislative history, or clear incompatibility
between state-court jurisdiction and federal interests. Courts have routinely held that CFAA
jurisdiction is concurrent in both state and federal court. <u>See</u> <u>Goodin v. Vendley</u>, 356 F. Supp. 3d
935, 946 (N.D. Cal. 2018) ("Here, jurisdiction under the CFAA and the Lanham act is concurrent in
state and federal court."); <u>H & R Block Tax Servs., Inc. v. Rivera-Alicea</u>, 570 F. Supp. 2d 255, 269
(D.P.R. 2008) ("This Court does not have exclusive jurisdiction over Block's CFAA claim. <u>See</u>
<u>Prominent Consulting LLC v. Allen Bros.</u>, 543 F.Supp.2d 877, 884 n. 6 (N.D.Ill.2008); <u>Liebert Corp.</u>
<u>v. Mazur</u>, 2005 WL 1563202, 2005 U.S. Dist. LEXIS 13560 (N.D.Ill. June 6, 2005). Therefore, the
Aguadilla Court can entertain Block's CFAA claim since it has concurrent jurisdiction over it.
<u>Padilla–Morales v. Shell Co. (PR) Ltd.</u>, 2005 WL 4655134, 2005 U.S. Dist. LEXIS 43267 (D.P.R.
June 29, 2005) ("absent any indication that the federal courts have exclusive jurisdiction over a
particular subject, federal laws may be enforced in either the state or federal courts.")"; Steven J.
From & Joseph A. Martin, <u>Trade Secret Litigation</u>, 798 Prac. L. Inst. 655, 679 (2004) ("The absence
of any limitations on where ... [CFAA] civil actions may be filed leaves open the possibility that
State Courts will have concurrent jurisdiction with the federal courts over such claims.")

   DTSA jurisdiction has been slightly more contested, but the weight of the evidence falls on
concurrent jurisdiction. 18 U.S.C. §1836, which codifies the DTSA, says, "The district courts of the

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States shall have original jurisdiction of civil actions brought under this section." However, it does not say "exclusive" jurisdiction, unlike the Supreme Court's example in <u>Mims v. Arrow Fin. Servs., LLC</u>, *supra;* nor does it mention whether or not states are empowered to interpret the law. Where Congress is silent on states' powers, concurrent jurisdiction should be presumed.

Other courts have directly addressed whether DTSA counterclaims can be brought in State Courts. *See* <u>Allstate Ins. Co. v. Jewell</u>, 2019 WL 3526703, at *4 (W.D. Ky. May 21, 2019) ("The undersigned has found no indication that Congress affirmatively divested State Courts of jurisdiction to hear claims under the DTSA."); <u>1-800 Remodel, Inc. v. Bodor</u>, 2019 WL 856399, at *2 n.3 (C.D. Cal. Jan. 28, 2019) ("[T]here is no indication that federal courts have exclusive jurisdiction over DTSA ... claims." (emphasis removed)); <u>G4S Secure Integration LLC v. EX2 Tech., LLC</u>, No. 17-CV-4277, 2017 U.S. Dist. LEXIS 115425, at *15 (N.D. Ill. July 19, 2017) ("[W]hile this court has original jurisdiction over the Defend Trade Secrets claim, that jurisdiction is not exclusive to the federal courts."). One court found that "The [DTSA] builds upon the Espionage Act of 1996 and provides exclusive original jurisdiction to the District Courts." <u>Lamont v. Conner</u>, 2019 WL 1369928, at *7 (N.D. Cal. Mar. 26, 2019). However, the Court simply cited to the 18 U.S.C. §1836 jurisdictional text quoted above. It did not discuss or analyze Supreme Court concurrent jurisdiction doctrine, which prefers jurisdictional text that explicitly excludes state jurisdiction as shown in <u>Mims v. Arrow Fin. Servs., LLC</u>, *supra*. It also did not provide any additional analysis regarding legislative history that intends to exclude states, nor any clear incompatibility between state-court jurisdiction and federal interest.

Indeed, any analysis that attempted to show incompatibility between state-court jurisdiction and federal interest would be fraught, as the DTSA merely added a federal claim over a subject matter that was previously handled exclusively by the states. No research indicates that the federal claim is intended to preempt any state interest in the subject.

Payward's other claims include misappropriation of trade secrets under the California Uniform Trade Secrets Act and breach of contract, which are both claims that could readily be heard in State Court. This Court would only achieve jurisdiction over those claims via pendant jurisdiction

15

1
2
(*See* para. 19 of the Payward Complaint). However, they arise out of the same transaction or

3
occurrence as the current State Court case and without question should have been brought in a

4
mandatory cross-complaint.

5
    In conclusion, claims brought under the CFAA and DTSA can be properly adjudicated by

6
State Courts, and should have been brought in a mandatory cross-complaint under C.C.P 426.30. The

7
State Court claims also should have been brought as mandatory cross-claims. This Court should

8
dismiss the Payward Complaint pursuant to FRCP 12(b)(6) with leave to file the claims as mandatory

9
cross-claims in the state action.

10
**F.      In the alternate, if the Court Declines to Dismiss Payward's Complaint, this**

11
**Court Should Stay the Instant Proceedings in Deference to Pending State**

12
**Proceedings**

13
    Under Colorado River abstention, in exceptional circumstances, "a federal court may stay its

14
proceedings in deference to pending state proceedings. This doctrine rest[s] on considerations of

15
'[w]ise judicial administration, giving regard to conservation of judicial resources and

16
comprehensive disposition of litigation.' Colorado River Water Conservation Dist. v. United States,

17
424 U.S. 800 (1976) (quoting Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co., 342 U.S. 180, 183,

18
72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)." Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989).

19
In determining whether to abstain from exercising jurisdiction over a federal case that duplicates

20
contemporaneous state proceedings, courts weigh the following six factors: (1) whether the State

21
Court had already assumed jurisdiction over a *res*; (2) the inconvenience of the federal forum; (3)

22
whether the suits will result in piecemeal litigation; (4) the order in which the courts obtained

23
jurisdiction; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate

24
to protect the parties' rights. MJT, Inc. v. Adcom Exp., Inc., 39 F.3d 1187 (9th Cir. 1994). No one

25
factor is necessarily determinative. Colorado River Water Conservation Dist. v. United States, 424

26
U.S. 800 (1976).

27

28

**PAYWARD V RUNYON**                                                                                          **MOTION TO DISMISS**
                                                                                                             **CASE NO.3:20-CV-2130**

1
2      When each of these factors are weighed, the balance falls toward staying the instant Payward
3   Action. First, there is no *res* in controversy. Payward's claims involve a computer, but ownership
4   over the computer is not contested. Therefore, this factor is neutral. Second, the federal forum is not
5   inconvenient, except insofar as it is inconvenient to litigate two cases in two courtrooms over the
6   same issues simultaneously, so likely falls under the exercise of federal jurisdiction. Third, the suits
7   will result in piecemeal litigation. The Payward Action and Runyon Action arise out of the same
8   transaction or occurrence and are logically related. This factor weighs heavily on the side of staying
9   the Payward Action. Fourth, the State Court obtained jurisdiction first, and so weighs in favor of
10  staying the Payward Action. Fifth, federal law controls over the federal claims, but as has been shown
11  above, state courts are competent to hear those claims. This factor weighs weakly for not staying the
12  Payward Action. And sixth, for reasons already stated, the state proceeding is adequate to protect the
13  parties' rights. This factor also weighs in favor of a stay. For the reasons articulated here, and judicial
14  economy, this Court should at minimum abstain from hearing the Payward Action until the State
15  Court has completed its determination and res judicata or similar principles make the federal case
16  move more expeditiously.

17                              **IV.CONCLUSION**

18      For the foregoing reasons, moving Defendants respectfully request that the Court dismiss
19  Plaintiff's entire complaint, or in the alternate, stay the Payward Action until the Runyon Action has
20  completed.

21  Dated: May 29, 2020                           **LAW OFFICES OF CLAIRE COCHRAN**
22
23
24
25                                               **CLAIRE COCHRAN**
                                                 **NATALIE A. XIFO**
26                                               **BETHANY HILL**
                                                 Attorneys for Plaintiff
27                                               NATHAN PETER RUNYON
28

**PAYWARD V RUNYON**                                    **MOTION TO DISMISS**
                                                         **CASE NO.3:20-CV-2130**

1

**CERTIFICATE OF SERVICE**

2

    I hereby certify that, on this 29th day of May 2020, the foregoing document was

3

electronically filed with the Clerk of the Court using the CM/ECF system and will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

4

and paper copies will be sent to those indicated as non-registered participants.

5

6

7

                             Claire Cochran

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PAYWARD V RUNYON**                                                    **MOTION TO DISMISS**
                                                                        **CASE NO.3:20-CV-2130**