Christopher N. LaVigne
christopher.lavigne@withersworldwide.com
Kimberly Almazan (SBN 288605)
kimberly.almazan@withersworldwide.com
**Withers Bergman LLP**
505 Sansome Street, 2nd Floor
San Francisco, California 94111
Telephone:    415.872.3200
Facsimile:     415.549 2480

Attorneys for Plaintiff Payward, Inc., a California
Corporation d/b/a Kraken

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYWARD, INC., a California corporation d/b/a KRAKEN,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN PETER RUNYON, an individual, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 20-cv-2130-MMC<br><br>**ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Amended Complaint Filed: October 9, 2020<br>Hearing Date:  January 15, 2021<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 7, 19th Floor<br>Before: Hon. Maxine M. Chesney |

Pursuant to Civil Local Rules 79-5 and 7-11, Plaintiff Payward, Inc. ("Payward") submits this motion for an order to file under seal portions of its Administrative Motion for Leave to File Sur-reply and exhibits thereto (the "Sur-reply"). This application is also based on the Declaration of Christopher LaVigne in Support of this Administrative Motion to File Under Seal, filed concurrently herewith.

Specifically, Payward seeks an order granting leave to file under seal the confidential portions of the following documents:

| Document | Portions to be Filed Under Seal |
|---|---|
| Sur-reply | Highlighted Portions |

| Declaration of Payward employee ("Declaration") | Highlighted Portions |
|---|---|
| Exhibit 1 to Declaration | Highlighted Portions |

Payward seeks to seal the highlighted portions of the Sur-reply, Declaration and Exhibit 1 thereto because they each contain highly confidential, sensitive business information relating to the identity of Payward's internal information technology staff members and Payward's enterprise device management platform, which allows Payward to remotely configure, update and protect its employees' devices. This information is not publicly known, and its confidentiality is strictly maintained.

"[C]ourts generally apply a compelling reasons standard" in considering a motion to seal. *See Baird v. BlackRock Institutional Trust Co., N.A*. 403 F. Supp. 3d 765, 791 (N.D. Cal. 2019). "[T]he Ninth Circuit has stated that in general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper purposes, such as the use of records to release trade secrets." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (citations and quotations omitted); *Baird*. 403 F. Supp. 3d at 792 (holding that "[c]ourts have found that confidential business information . . . and business strategies satisfies the compelling reasons standard" and granting motion to seal where documents at issue are not in the public record and contain sensitive information about company's operation) (citations and quotations omitted).

As set forth in detail in the Amended Complaint and in Payward's opposition to Runyon's motion to dismiss, physical, IT, and cyber security are of serious importance to Payward and its business. Security is among the leading factors that consumers consider when selecting a trading platform and a critical element for business growth. Payward's reputation for security translates to consumer confidence and leads to greater usage. (*See* Amend. Compl. (Doc. No. 34), ¶ 23.)

Because of the nature of its business, Payward is subject to very real physical and electronic hacking attempts, and the security of Payward's employees' identities and business and customer data is of the utmost importance to ensure Plaintiff's successful and continuing business operations. (*Id.* ¶ 1.) Since 2011, there have been over 56 successful hacks of cryptocurrency exchanges. (*Id.* ¶ 24.) Payward's industry success thus far, and its ability to attract customers, is due in part to its

ability to repel these attacks. Payward has gone to great lengths to maintain the physical and virtual security of its business, employee identities, customer data and its trade secrets. (*Id.* ¶ 30.)

**Defendant's Continued Disregard for Plaintiff's Confidential Information Necessitates this Motion**

Defendant Nathan Runyon was a financial analyst in Payward's San Francisco, CA office from March 26, 2018 until August 1, 2019. Before his employment began, Defendant signed a Confidential Information and Invention Assignment Agreement on March 14, 2018 (the "Confidentiality Agreement") that bound him to protect and maintain in strict confidence the information and data he became aware of, accessed, and stored through his employment with Payward. *Id*. ¶ 3. The confidential data he agreed to maintain in confidence includes information regarding employee identities and the company's technology systems, and specifically includes software and "hardware configuration" information. *Id.* ¶10. The latter refers to the settings that are assigned to employee's specific devices.

The information Payward seeks to file under seal through this motion was precipitated by information improperly provided in Runyon's Reply Memorandum in Support of Defendant's Motion to Dismiss or Stay Plaintiff's Complaint ("Reply"). Runyon named the specific enterprise device management software Payward uses and described the capabilities of that software in detail. (*See, e.g.,* Reply at 2.) This information and the information Payward seeks to seal is clearly protected under the Confidentiality Agreement (*i.e.*, the identity of Payward's information technology personnel, as well as the specifics of Payward's software systems, security updates and restrictive commands that are pushed to Payward's employees' devices). Payward's request to seal is narrowly tailored to those portions of the Sur-reply and its supporting documents that merit sealing. Payward therefore respectfully requests the Court allow Payward to file redacted copies of its Administrative Motion for Leave to File Sur-reply and the exhibits thereto.

**Confidentiality of Employee Identities**

Many hacking attempts directly target employees of cryptocurrency companies; if hackers are able to convince an employee to click on a particular link or open a particular e-mail, a hacker can install malware on that employee's computer and obtain all of the information contained therein. (*Id.* ¶¶ 26-28.) Such a result would be, understandably, devastating to Payward.

The Amended Complaint provides examples of how these sophisticated phishing attempts typically play-out. Crypto company employees are first targeted by all too real-seeming phishing attacks aimed to obtain private keys and passwords from employees. (*Id.* ¶¶ 26-27.) Hackers target these employees to get them download files or click on links that install malware capable of taking over the employees' computers. (*Id.*) While certainly more prevalent in the cryptocurrency space, US law firms have also become targets for this type of hacking. *See* Andrew Maloney, *Cadwalader and Bar Groups Among Latest to Report Data Breach Incidents*, Am. Lawyer, Nov. 9, 2020 (describing that a vendor of Cadwalader suffered a ransomware attack that encrypted files within the vendor's system and allowed the hackers to copy Cadwalader's files, including Cadwalader "current and former employee information").

Payward therefore also seeks to seal the name and title of the employee who provided the Declaration. Doing so will protect him from becoming even more of a target for these attacks, and protect him from physical threats (*id.* ¶¶ 33-35), ███████████████████████████████████████████████

### Confidentiality of Software Programs

Additionally, Payward seeks to seal portions of the Sur-reply, and the Declaration and Exhibit 1 thereto because they contain details of the software and security updates sent by Payward's IT department, on an enterprise-wide basis, to Payward employees' internet-enabled devices. Payward utilizes secure and encrypted internal communications systems, as well as secure hardware and software. (Amend. Compl. ¶ 32.) If hackers gain information about the specific software, security updates, and restrictive commands pushed to Payward's employees' devices (as well as the timing of said pushes, updates and commands), they would have otherwise unavailable knowledge about what types of phishing attempts are most likely to infiltrate Payward's security system and what malware has the highest likelihood of success to damage Payward. In other words, if the hackers know what they are up against, they are better able to adopt and find ways around it.

███████████████████████████████████████████████████

████████████████████████████████

\* \* \*

For these reasons, Payward respectfully requests the Court endorse the enclosed proposed order to file under seal portions of Payward's Administrative Motion for Leave to File Sur-reply and the exhibits thereto.

DATED: November 20 2020　　　　　　　WITHERS BERGMAN LLP

　　　　　　　　　　　　　　　　　　　By: *(signature)*
　　　　　　　　　　　　　　　　　　　Christopher N. LaVigne
　　　　　　　　　　　　　　　　　　　Kimberly Almazan
　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Payward, Inc.,*
　　　　　　　　　　　　　　　　　　　*a California Corporation d/b/a Kraken*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was filed with the Court and electronically served through the CM-ECF system which will send a notification of such filing to all counsel of record. .

Dated: November 20, 2020          /s/Christopher N. LaVigne
                                  Christopher N. LaVigne
                                  Kimberly Almazan
                                  *Attorneys for Plaintiff Payward, Inc.*,
                                  a California Corporation d/b/a Kraken