Christopher N. LaVigne
christopher.lavigne@withersworldwide.com
Kimberly Almazan (SBN 288605)
kimberly.almazan@withersworldwide.com
**Withers Bergman LLP**
505 Sansome Street, 2nd Floor
San Francisco, California 94111
Telephone:    415.872.3200
Facsimile:    415.549 2480

Attorneys for Plaintiff Payward, Inc., a California
Corporation d/b/a Kraken

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYWARD, INC., a California corporation d/b/a KRAKEN,<br><br>    Plaintiff,<br><br>  v.<br><br>NATHAN PETER RUNYON, an individual, and Does 1 through 10, inclusive,<br><br>    Defendants. | Case No. 20-cv-2130-MMC<br><br>**DECLARATION OF CHRISTOPHER N. LAVIGNE IN SUPPORT OF ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Amended Complaint Filed: October 9, 2020<br>Hearing Date:  January 15, 2021<br>Hearing Time:  9:00 a.m.<br>Location:  Courtroom 7, 19th Floor<br>Before:  Hon. Maxine M. Chesney |

I, Christopher N. LaVigne, declare:

1.  I am attorney duly licensed to practice law in the State of New York. I am a partner at the law firm of Withers Bergman LLP, counsel for claimants Payward, Inc. d/b/a Kraken ("Payward") in the above-entitled matter. I was admitted *pro hac vice* in this matter on April 3, 2020 (Doc. No. 8).

2.  The facts stated in this declaration are based on my personal knowledge, and, if called to testify, I could and would competently testify to them.

3.  Plaintiff has filed conditionally under seal portions of its Administrative Motion to File Under Seal (the "Sealing Motion"), the Declaration of Payward's employee, and Exhibit 1 thereto.

4.  A protective order has not yet been entered by the Court in this matter. The documents, and portions thereof, sought to be filed under seal are sealable in light of Pawyard's very real security concerns as set forth in the Sealing Motion, the Amended Complaint (Doc. No. 34), and Payward's opposition (Doc. No. 37) to Defendant's motion to dismiss the Amended Complaint. The information is sealable also because it is protected by the Confidentiality Agreement entered into by the parties. (*See* Amend. Compl. ¶¶ 41-43.)

5.  A stipulation has not been obtained on the issue of the confidentiality and/or trade secret protection afforded to the documents that Plaintiff requests to be sealed. Because defendant Nathan Runyon liberally discussed the Payward software programs in his Reply Memorandum in Support of Defendant's Motion to Dismiss or Stay Plaintiff's Complaint, obtaining agreement from Defendant on whether the information sought to be sealed should be sealed appears futile.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 20th day of November, 2020.

WITHERS BERGMAN LLP

By: *[signature]*
Christopher N. LaVigne
Kimberly Almazan
*Attorneys for Plaintiff Payward, Inc.,*
a California Corporation d/b/a Kraken