Christopher N. LaVigne
christopher.lavigne@withersworldwide.com
Kimberly Almazan (SBN 288605)
kimberly.almazan@withersworldwide.com
**Withers Bergman LLP**
505 Sansome Street, 2nd Floor
San Francisco, California 94111
Telephone:    415.872.3200
Facsimile:    415.549 2480

Attorneys for Plaintiff Payward, Inc., a California
Corporation d/b/a Kraken

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYWARD, INC., a California corporation d/b/a KRAKEN,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN PETER RUNYON, an individual, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 20-cv-2130-MMC<br><br>**PAYWARD, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>***REDACTED VERSION OF DOCUMENTS SOUGHT TO BE SEALED***<br><br>Amended Complaint Filed: October 9, 2020<br>Hearing Date: January 15, 2021<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 7, 19th Floor<br>Before: Hon. Maxine M. Chesney |

Pursuant to Civil Local Rules 7-3(d) and 7-11, Plaintiff Payward, Inc., seeks leave of the Court to file a limited sur-reply to Defendant Nathan Runyon's Reply Memorandum in Support of Defendant's Motion to Dismiss or Stay Plaintiff's Complaint (Doc. No. 38, the "Reply").

## INTRODUCTION

As set forth in Payward's concurrently-filed Objection to Defendant Runyon's Reply Evidence (the "Objection"), Defendant's Reply improperly includes new factual arguments. Payward's Objection explains why the Court should not consider Runyon's unsupported and unsworn Reply argument that his "access to his company computer was shut down" after his

1  termination. (Reply at 1:23.) ███████████████████████████████

2  ████████████████████████████████████████████████████████████

3  ████████████████████████████████████████████████████████████

4  ██████████████████████████ Payward seeks leave to present this evidence through Sur-Reply.

5  Payward asks for Sur-Reply reluctantly. It understands that such motion practice complicates the

6  Court's docket. But Mr. Runyon repeatedly and emphatically accused Payward of misleading this

7  Court. That cannot go unaddressed. ██████████████████████████████████

8  ████████

9  **ARGUMENT**

10  Runyon raises several new fact arguments in his Reply.[1] However, Payward addresses here

11  and in its Objection only the argument that Payward locked him out of his company laptop upon his

12  termination via Payward's enterprise device management software. Runyon relies heavily on this

13  unsupported and unsworn attorney argument to imply that Payward hid facts from this Court in

14  order to survive dismissal. (Reply at 7:24-8:2.) Consistent with this Court's rules, Payward's

15  Objection can only set forth the legal grounds justifying this Court's disregard of Runyon's

16  argument. Payward is therefore compelled to make the instant motion because Payward ████

17  █████████████████████████████████████████ now seeks to set the record straight:

18  ████████████████████████████████████████████████████████████

19  ████████████████████████████████████████████████████████████

20  ███████████████████████████████████████████

21  "A district court may allow a surreply to be filed, but only 'where a valid reason for such

22  additional briefing exists, such as where the movant raises new arguments in its reply brief.'" *Brown*

23  *v. Harris*, No. 1:12-CV-01472-GSA-PC, 2014 WL 711027, at *1 (E.D. Cal. Feb. 21, 2014); *Acer,*

---

[1] *See* Reply 3:13-15 (arguing, again incorrectly, that Payward did not object to a New York plaintiff's inclusion of defendant Infinitude Ltd.'s New York address and therefore Payward has not attempted to keep secret its San Francisco headquarters address); *id.* at 4:6-8 (arguing that Runyon's counsel also represents another former employee suing Payward and his "[c]ounsel's client in the other matter has no other demonstrated knowledge of the Board minutes other than what her attorney discussed with Payward during the confidential arbitration process").

*Inc. v. Tech. Properties Ltd.*, No. 5:08-CV-00877 PSG, 2012 WL 6053968, at *1 (N.D. Cal. Dec. 4, 2012) (granting leave to file sur-reply on grounds that "Defendants' reply to their motion for reconsideration introduced new arguments and new evidence").

Here, Runyon's motion to dismiss (Doc. No. 35) did not raise the argument that Payward remotely locked him out of his company laptop. Instead Runyon raised this argument in his Reply. (*See* Objection at 2-3). Accordingly, this Court should afford Payward the opportunity to respond to these arguments. *See Winnig v. Cingular Wireless, LLC*, 3:06-cv-04297-MMC (Doc. 145 Aug. 21, 2008) (Chesney, J.) (granting plaintiff's administrative motion for sur-reply in response to new arguments raised in defendants' reply brief, and deeming "plaintiff's Administrative Motion to be his sur-reply" and "consider[ing] the argument contained therein"); *U.S. ex rel. Hendow v. Univ. of Phoenix*, No. 2:03–cv–0457–GEB–DAD, 2009 WL 2705851, at *3 (E.D. Cal. Aug. 25 2009) ("The reply brief is not intended to be the brief that shows for the first time the movant's evidentiary support for the relief sought in the movant's opening brief. Where a movant injects evidence in a reply brief that should have been included in the opening brief, the movant could fail to affor[d] the nonmovant an opportunity for further response.") (citations and quotations omitted).

1. **<u>Runyon's Improper Fact Arguments Are Entitled to No Weight at This Stage</u>**

Runyon's Reply repeatedly asserts that Plaintiff remotely locked Defendant's company computer post-termination and therefore Defendant could not have improperly accessed the computer or acquired documents and data from it. Runyon's unsworn attorney arguments are not evidence. *See Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017) ("Attorney argument is not evidence."); *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). Because Runyon realizes this, Runyon creatively re-interprets and amplifies a limited assertion from his state court discrimination complaint to suggest that his computer was remotely locked and wiped.[2] But Runyon's own claims are no more evidence than his attorney's arguments.

---

[2] It says, in relevant part: "Following the [termination] call Runyon's access to his slack channels were shut down, his applications deactivated, and he was logged out of his company computer." (Runyon's First Amended Complaint for Damages, San Francisco Superior Court Case NO. CGC-19-581099, at 13.)

1   Even if Runyon's claims were evidence, factual disputes get resolved in discovery, not on a motion to dismiss. At this point, the Court must accept as true Payward's claims that Runyon continued having access to his company laptop and its trade secret contents. Accordingly, the Court should disregard Runyon's argument and instead assess Payward's Amended Complaint by assuming the truth of the allegations in that pleading and resolving all reasonable inferences in Payward's favor. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012) ("On a motion to dismiss, all material facts are accepted as true and are construed in the light most favorable to the plaintiff."); *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

[REDACTED]

But the Court knows the evidentiary assumptions at this stage. Were Runyon's factual assertions the only issue, it may not warrant Sur-Reply. [REDACTED]

1 ████████████████████████████████████████
2 ████████████████████████████████████████
3 ████████████████████████████████████████
4 ████████████████████████████████████████
5 ████████████████████████
6 ████████████████████████████████████████
7 ████████████████████████████████████████
8 ████████████████████████████████████████
9 ████████████████████████████████████████
10 ████████████████████████████████████████
11 ████
12 ████████████████████████████████
13 ████████████████████████████████████████
14 ████████████████████████████████████████
15 ████████████████████████████████████████
16 ████████████

## **CONCLUSION**

For the reasons set forth above and in Payward's concurrently-filed Objection, Payward respectfully seeks leave to file a sur-reply in response to Runyon's argument raised in his Reply that Payward remotely locked his laptop upon his termination. If the Court grants this request, Payward requests that the Court deem the substance of this motion and the attached declaration and exhibit as Payward's sur-reply.

DATED: November 20, 2020

WITHERS BERGMAN LLP

By: /s/ Chris LaVigne

Christopher N. LaVigne
Kimberly Almazan
*Attorneys for Plaintiff Payward, Inc.,*
*a California Corporation d/b/a Kraken*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Withers
Bergman LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Withers
Bergman LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Withers
Bergman LLP

# EXHIBIT 1

Christopher N. LaVigne
christopher.lavigne@withersworldwide.com
Kimberly Almazan (SBN 288605)
kimberly.almazan@withersworldwide.com
**Withers Bergman LLP**
505 Sansome Street, 2nd Floor
San Francisco, California 94111
Telephone:      415.872.3200
Facsimile:       415.549 2480

Attorneys for Plaintiff Payward, Inc., a California Corporation d/b/a Kraken

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYWARD, INC., a California corporation d/b/a KRAKEN,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN PETER RUNYON, an individual, and Does 1 through 10, inclusive,<br><br>Defendants. | Case No. 20-cv-2130-MMC<br><br>**DECLARATION OF CHRISTOPHER N. LAVIGNE IN SUPPORT OF ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Amended Complaint Filed: October 9, 2020<br>Hearing Date:  January 15, 2021<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 7, 19th Floor<br>Before: Hon. Maxine M. Chesney |

I, Christopher N. LaVigne, declare:

1. I am attorney duly licensed to practice law in the State of New York. I am a partner at the law firm of Withers Bergman LLP, counsel for claimants Payward, Inc. d/b/a Kraken ("Payward") in the above-entitled matter.  I was admitted *pro hac vice* in this matter on April 3, 2020 (Doc. No. 8).

2. The facts stated in this declaration are based on my personal knowledge, and, if called to testify, I could and would competently testify to them.

3. A stipulation could not be obtained on the issue of the Plaintiff's entitlement to file a sur-reply. Obtaining defendant Nathan Runyon's agreement to contest his claims set forth in his Reply Memorandum in Support of Defendant's Motion to Dismiss or Stay Plaintiff's Complaint,

WITHERS BERGMAN LLP

Declaration of Christopher N. LaVigne in Support of Administrative Motion for Leave to File Sur-Reply
Case No. 20-cv-2130-MMC

1 would be futile.

2     I declare under penalty of perjury that the foregoing is true and correct.

3     Executed this 20th day of November, 2020.

WITHERS BERGMAN LLP

By: *[signature]*
Christopher N. LaVigne
Kimberly Almazan
*Attorneys for Plaintiff Payward, Inc.,*
a California Corporation d/b/a Kraken

Christopher N. LaVigne
christopher.lavigne@withersworldwide.com
Kimberly Almazan (SBN 288605)
kimberly.almazan@withersworldwide.com
**Withers Bergman LLP**
505 Sansome Street, 2nd Floor
San Francisco, California 94111
Telephone:    415.872.3200
Facsimile:     415.549 2480

Attorneys for Plaintiff Payward, Inc., a California Corporation d/b/a Kraken

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| PAYWARD, INC., a California corporation d/b/a KRAKEN,<br><br>  Plaintiff,<br><br>  v.<br><br>NATHAN PETER RUNYON, an individual, and Does 1 through 10, inclusive,<br><br>  Defendants. | Case No. 20-cv-2130-MMC<br><br>**[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY**<br><br>Amended Complaint Filed: October 9, 2020<br>Hearing Date:  January 15, 2021<br>Hearing Time: 9:00 a.m.<br>Location: Courtroom 7, 19th Floor<br>Before: Hon. Maxine M. Chesney |

Having reviewed Plaintiff's Administrative Motion for Leave to File Sur-reply and the Declaration of Christopher N. LaVigne in support thereof, the Court ORDERS that:

Plaintiff's Administrative Motion for Leave to File Sur-reply is GRANTED.  The Court hereby deems the filed copy of Plaintiff's Administrative Motion for Leave to File Sur-reply and its supporting papers as Plaintiff's Sur-reply.

  Dated: _____     _____
                                                                                Hon. Maxine Chesney
                                                                                Judge of the United States District Court